# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01394-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-33,

    Defendants.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT DOE 15'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY [DKT # 12]**

    Plaintiff respectfully requests the Court deny the subject motion to the extent that it limits Plaintiff from receiving the identity of the Doe Defendant. Plaintiff believes that without obtaining the identity of the Defendant, Plaintiff cannot properly proceed with its claim for copyright infringement. If the Court were to allow Defendant to proceed anonymously, and prevent Plaintiff from receiving the identity of the Doe Defendant, Plaintiff will not know who it is serving. Additionally, Plaintiff will be unable to verify any of the defenses asserted by the Defendant and will be disadvantaged in the discovery process. Ultimately, Plaintiff will be severely prejudiced and face countless procedural difficulties.

    As for keeping the Doe Defendant's identity under seal, Plaintiff does not object to this course of action but Defendant has not likely met the legal criteria. See Raiser v. Brigham Young Univ., 127 F. App'x 409, 411 (10th Cir. 2005). ("Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.") ("The risk that

a plaintiff may suffer some embarrassment is insufficient to permit anonymity.") Id. ((citing Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) (denying plaintiff permission to proceed under a pseudonym sought due to his alcoholism)). "Further, because the public has an important interest in access to legal proceedings, we have held that its interest should be considered in determining whether some form of anonymity is warranted." Id.

Here, Defendant is simply stating that the embarrassment and humiliation of being named in a law suit involving the infringement of an adult film might harm his or her reputation. This risk of embarrassment is not sufficient to permit anonymity. "The potential embarrassment … of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously." Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 2011 WL 5161453 (D. Mass. Oct. 31, 2011). Further, Defendant's belief that he is innocent is not sufficient grounds to proceed anonymously. Indeed, by that reason almost any defendant in any type of action would be able to proceed anonymously, setting a grave precedent and injuring the public need to have access to legal proceedings.

Ultimately, Plaintiff respectfully leaves this decision to the sound discretion of the Court.

Dated: July 30, 2012

                                                                    Respectfully submitted,

                                                                    By: /s/*Jason Kotzker*
                                                                    Jason Kotzker
                                                                    jason@klgip.com
                                                                    KOTZKER LAW GROUP
                                                                    9609 S. University Blvd. #632134
                                                                    Highlands Ranch, CO 80163
                                                                    Phone: 303-875-5386
                                                                    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Jason Kotzker*