## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.: 12-cv-01394-WYD-MEH

**MALIBU MEDIA, LLC**

    Plaintiff,

    v.

**JOHN DOES 1-33,**

    Defendants.

---

## MOTION TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO
## QUASH SUBPOENA

Defendant, J. Doe No. 23 ("Defendant") identified at internet protocol ("IP") address

75.71.115.161 on May 9, 2012 at 6:55 UTC, respectfully submits this Motion and

Memorandum of Points and Authorities in support of Defendant's MOTION TO

DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH

SUBPOENA served upon Defendant's Internet Service Provider ("ISP"), Comcast on or

about June 06, 2012. Pursuant to Federal Rules of Civil Procedure 20, 26, and 45, John Doe

moves to dismiss/server for improper joinder.  In the alternative, John Doe moves to quash

the third-party subpoena and/or for a protective order.

## INTRODUCTION

1)Plaintiff alleges that defendants infringed on Plaintiffs copyright through an Internet

Protocol ("IP") address allegedly belonging to the defendants Plaintiff's Subpoena requests

third-party ISP's, Comcast Corporation, CenturyTel Internet Holdings and Qwest

Communications, to disclose indentifying personal information of John Does 1-33.  As explained below, the Court should server and dismiss the Defendants for improper joinder, and require that Plaintiff re-file the severed cases, if it chooses to do so, in the appropriate venue.  Alternatively, the Court should quash the subpoena and/or issue a protective order precluding Plaintiff from pursing such burdensome discovery.

2)Cases such as this have been filed all over the country.  A pornographer files a civil case against several misjoined defendants with no intention of litigating the matter.  Instead, using the threat of statutory damages and the damaging effect of being named in a federal case related to downloading pornographic movies, the plaintiffs tempt each potentially individual defendant to settle their case for an amount specifically designed to be less than the amount needed to retain counsel.  See *Michael Roberts, BitTorrent Motion Alleges Legal Business Model Targeting Porn Downloaders, Denver Westword*, September 16, 2011,http://blogs.westword.com/latestword/2011/09/porn downloaders bittorrent lawsuit.php.  Courts have specially and directly condemned such for-profit copyright litigation models.   See e.g. *Righthaven LLC v. Hill,* No. 1:11-CV-00211,Dkt.16 (D.Colo.Apr.7, 2011) ("Plaintiff's wishes to the contrary, the courts are not merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability"). See also *Hard Drive Productions, Inc. –v- Does I-90*, Case No. C11-03825 HRL, March 30, 2012 ("According to this court's research, at the time of the haring 69 mass copyright infringement cases have been filed in this district [Northern District of California].  Of those, plaintiff obtained early discovery in 57 cases and issued subpoenas to obtain subscriber information for more than 18,000 IP addresses, No defendant has been served in any of these cases." "the court is concerned that plaintiff's activities in pursuit of settlement agreements with these and other Doe defendants constitute a serious misunderstanding of jurisdictional limits and potential abuse of the judicial system.")

3)Plaintiff's motion to compel Internet Service Providers ("ISP's) to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

4)A review of the case law reveals that the various similar plaintiffs filing identical lawsuit against thousands of defendants across the country have received negative rulings, all within the past year.  Plaintiff disregards this substantial body of case law in hopes that this Court will ignore that precedent.  It should not.

5)Plaintiff's request for personal information is overbroad, unreasonable, unduly prejudicial, not reasonably calculated to lead to the discovery of admissible evidence and sought for the purposes of annoyance, embarrassment, harassment, oppression, and undue burden and expense in violation of the Federal Rules of Civil Procedure.

6)Accordingly, Plaintiff is not entitled to the relief sought for the following three reasons:

a.     **FIRST**, the joinder of multiple Defendants improper under Federal Rule 20(a), and runs the enormous risk of denying individual justice to those sued.  Not only is Plaintiff taking advantage of the courts to exact settlements from Defendants, Plaintiff is abusing the procedural rules to avoid the cost of appropriate filing individual cases.  In this case, where Plaintiff has mis-joined all thirty-three (33) defendants, the filing fees alone for each of the 33 putative Defendants would be over $11,550.

b.     **SECOND,** Plaintiff's effort to identify potential infringers though an IP address is overbroad, unreasonable, and not reasonably calculated to lead to the discovery of admissible evidence.  The personal information associated with a single IP address only identifies a subscriber to the ISP's services, which could be an innocent person whose Internet access was abused by a neighbor, roommate or other person in close proximity.  It does not identify a potential infringer.  Also, the

accuracy of identified IP address is to be questions. See *Challenges and Directions for Monitoring P2P File Sharing Networks – or – Why my Printer Received a DMCA Takedown Notice*, the University of Washington, http://dmca.cs.washington.edu/uwcse_dmca_tr.pd. ("The current state of P2P monitoring and enforcement is clearly not ideal. The potential for false positives and implication of arbitrary addresses undermines the credibility of monitoring and creates a significant inconvenience for misidentified users (if not financial and/or legal penalties).")

Plaintiff's subpoena should be quashed for the additional reason that it is solely sought for the purpose of annoyance, embarrassment, harassment, oppression, and undue burden or expense. Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and stigmatization of being associates with adult files.

7.      John Doe requests that the Court sever the Defendants. Furthermore, John Doe requests that the Court issue a protective order and/or quash the Subpoena.

## LEGAL STANDARDS

### 1. AUTHORITY TO QUASH SUBPOENAS

Pursuant to Rule 45(c)(3), a Court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden." A court may modify or quash a subpoena that, inter alia, requires disclosing confidential information.

Moreover, Fed. R. Civ. Pro Rule 26(c)(1), instructs the Court to limit the frequency or extent of discovery otherwise allowed by the Rules, or by local rule, if it determines that... "the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

stake in the action, and the importance of discovery in resolving the issues."

## 2. STANDING

A party has standing to challenge a subpoena issued to a third party when the party

has a

personal or proprietary interest in the information sought by the subpoena. See Washington

v.

Thurgood Marshall Acad., 230 F.R.D. 18, 21 (Dist. D.C., 2005).


## ARGUMENT

### I. Plaintiff's Joinder of 33 Unrelated Defendants in this Action is improper

In its Complaint, Plaintiff improperly joined as Defendants 33 unrelated individuals. This

strategy is consistent with factually identical cases filed all over the country attempting to

join hundreds of not thousands of unrelated defendants in alleged copyright infringement

actions. In almost every instance, the pertinent court determined that joinder was improper

and served and dismissed all but the first defendant. [1] It is clear that Plaintiff is now hoping

to get a contrary ruling in this Court. However, there is no basis for this approach. A

favorable ruling to the plaintiff will almost certainly result in an avalanche of filings in this

District naming thousands of defendants in actions initiated by every lawyer representing

the adult entertainment industry who seeks to perpetuate the current legal strategy.

---

[1] See, e.g. Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 126333, *7–9 (S.D. Fla. Nov. 1, 2011)(severing defendants sua sponte); Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants sua sponte); AF Holdings, LLC v. Does 1–97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, AT 7–8 (N.D. Cal. Nov. 1, 2011)(severing defendants 2–97); Hard Drive Productions, Inc. v. John Does 1–30, No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6–10 (N.D. Pa Nov. 1 2011 (severing defendants 2–97); BMG Music v. Does 1–203, No. Civ. A. 04-650,2004 WL 953888, at 1 (E.D. Pa Apr. 2, 2004) (severing lawsuit involving 203 defendants): LaFace Records, LLC v. Does 1–38, No. 5:07–CV–298-BR,2008 WL 544992 (E.D. N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); BMG Music v. Does 1–4, No. 3:06–cv–01579-MHP,2006 U.S. Dist. LEXIS 53237, at *5–6 (N.D. Cal. July 31, 2006) (court sua sponte severed defendants).

Under Rule 10(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transactions, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. "Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance. "AF Holding, LLC v. Does 1-97, No. C11-3067 CV, 2011 U.S. Dist. LEXIS 126225, *5(N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermined Rule 20(a)'s purpose of judicial economy and trial convenience.

### a.  Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the hundreds of Defendants residing in all different parts of the country. As one court concluded in an identical case:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in our contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by an of the Does 1-188 . . . . The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world.

*Hard Drive Prods., Inc. v. Does 1-188,* 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011); *On the Cheap, LLC v. Does* 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (staging that the joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

Plaintiff attempts to create the illusion that Defendants made a concerted effort to share their copyrighted material. This representation is misleading. Even though Plaintiff claims that Defendants downloaded the same file, it has not alleged that Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another. *See, e.g., MCGIP, LLC v. Does 1-149,2011* U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16.2011) (finding misjoinder where the plaintiff failed to show that any of the defendants actually exchanged any piece of the see file with another); *Boy Racer v Does 2-52,* 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug 5, 2011) finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant); *Hard Drive Production, Inc. –v- Does 1-90,*Case No. C11-03825 HRL, March 30, 2012["using the BitTorrent protocol, Peers do not choose which pieces are downloaded and uploaded (this is determined by the code in the torrent file), nor do they choose the peer5s to and from whom they send and receive pieces."] This clear lack of concerted effort on the part of the Defendants is dispositive of Plaintiff's joinder argument. [2]

b.   **Joinder Undermines Judicial Economy**

Joinder is also improper because it would cause serveral practical problems. As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. BMG, 2004 WL 9533888, at 1 ("[w}holesale litigation of these claims is inappropriate . . ."). "The manageability difficulties, procedural

---

[2] Any argument that the joinder issue can be resolved at a later state in the litigation is also without merit. Hard Drive Productions v. Does 1-87, No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS 119028, *3-4 (N.D. Cal. Oct. 14, 2011) ("it is highly unlikely that [this court] would permit such extensive discovery and invasive discovery of non-parties to determine the identify of the Doe Defendants.")

inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. V. Doe,* Doe 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."). Allowing joinder in this case would involve thirty-three defendants, each potentially proceeding with counsel or pro se, and two additional ISP's; who may also participate in this case. *See, e.g., Hard Drive Productions v. Does 1-88,* 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individuals situations, resulting in a number of mini-trials).

## II. Plaintiff's Subpoena is Improper and Must be Quashed

Plaintiff's Subpoena must be quashed because it is overly broad and unreasonable and was issued for the sole purpose annoying, harassing, embarrassing, and causing undue burden and expense.

### a. Plaintiff's Subpoena Seeks Information Relating to Innocent Individuals

Plaintiff's Subpoena improperly seeks information relating to IP addresses of individuals that potentially have nothing to do with any infringement activities. Plaintiff improperly suggests that each Defendant is tied uniquely to a specific IP address. This is not the case. An IP address can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena. In a related case, a plaintiff's inaccurate portrayal of the facts required to identify infringers as , *Boy Racer, Inc. v. Does,* 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a

substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the plaintiff there as forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network.'

> As a result,

> 'Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file reference BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

Id, at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence, and perhaps and residence of any neighbor, house guest or other sharing his internet access, would be fair game") (internal quotation marks and citations omitted). Thus, granting Plaintiff the form of relief that it seeks would impermissibly allow Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and subject them to onerous, invasive discovery and/or unfair settlement tactics. *Pacific Century Int'l Ltd. V. Does* 1-101, No. C-11-02533, 2011 U.S. Dist. LEXIS 12418 *6 (N.D. Cal. Oct. 27, 2011).

b. **Plaintiff's Subpoena is Designed to Improperly Embarrass**
**Defendants into Settlement**

The Subpoena must be quashed for the additional reason that Plaintiff is utilizing Court procedures to extort settlements from potentially innocent individuals. These mass-copyright plaintiffs harass potentially innocent individuals with threats of statutory damages and legal fees and embarrass them by naming them as defendants in actions for copyright infringement of adult pornographic videos.

Courts addressing these pornographic movie infringement cases have expressed concern about such abusive settlement tactics. *Pac. Century Int'l, Ltd. V. Doe,* Doe, 2011 U.D. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011,* No. 10-4472-BC, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expenses to defend themselves" and such does not "comport with the 'principles of fundamental fairness.'"). The court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance, or pay the money demanded[,] "which" creates great potential for a coercive and unjust 'settlement." *On the Cheap, LLC,* 2011 U.S. Dist. LEXIS 99831, at *11

**CONCLUSION**

To quote the Honorable Judge Howard R. Lloyd (N.D. California) in a near-identical case, "the court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to purse an extrajudicial business plan against possibly infringers (and innocent others caught up in the ISP net). Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting "settlement' payments from persons who

may or may not be infringers. This the court is not willing to do." *Hard Drive Productions, Inc. -v- Does 1-90,* Case No. C11-03825 HRL, March 30, 2012.

http://ia600706.us.archive.org/14/items/gov.uscourts.cand.243765/gov.uscourts.cand.243765.18.0.pdc

In E.D. of Virginia, the Honorable Judge Thomas Rawles Jones, Jr. consolidated eight of this Plaintiff's separate cases and severed all but the first Doe defendants for each case. *See Malibu Media, LLC v. Does* (Case no. 1:12-cv-00159-CMH-TRJ), *Malibu Media, LLC v. John Does 1-26* (Case no. 1:12-cv-00160-CMH-TRJ), *Malibu Media, LLC v. John Does 1-26* (Case no. 1:12 –cv-00161-CMH-TRJ), *Malibu Media, LLC v. Does* (Case no. 1:12-cv-00162-CMH-TRJ), *Malibu Media, LLC v. John Does 1-15* (Case no. 1:12-cv-00163-CMH-TRJ), *Malibu Media, LLC v. Does* (Case no. 1:12-cv-00164-CMH-TRJ), *Malibu Media, LLC v. John Does 1-27* (Case no. 1:12-cv-00165-CMH-TRJ), *Malibu Media, LLC v. John Does 1-8* (Case no. 1:12-cv-00166-CMH-TRJ),

Defendant John Doe requests that the Court sever and dismiss all Defendants and require Plaintiff to bring individual actions against each Defendant, if it chooses to do so, in the appropriate venue. Defendant John Doe further requests that the Court quash the Subpoena and grant any further relief that it deems appropriate.

## Certificate of Compliance with D.C. Colo. L. Civ. R. 7.1

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), Defendant's agent has attempted to conferre with Plaintiff's counsel concerning the relief Defendant seeks herein. The undersigned was only recently retained and due to the urgency in filing this Motion as set for the in the Motion, Defendant's Counsel made an attempt to call on July 16, 2012, but has not yet received a call

back.  Defendant will continue to try to reach Plaintiff's Counsel in a good faith effort to resolve

this matter.

**DATED:** August 15, 2012

Respectfully submitted,

By

Charles E. King (CO Bar #9799)
THOMAS N. SCHEFFEL & ASSOCIATES, P.C.
3801 E. Florida Ave., Suite 600
Denver, CO 80210
cking@tnslaw.com
Attorney for Defendant Doe #23


## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2012, a true and correct copy of the
foregoing MOTION TO DISMISS/SEVER AND FOR A PROTECTIVE
ORDER AND/OR TO QUASH SUBPOENA was sent via first-class mail
or via the CM/ECF filing system to the following:

\JASON KOTZKER
KOTZKER LAW GROUP
10268 Royal Eagle Street
Highlands Ranch, CO 80129

DATED: August 15, 2012

By:

Charles E. King (CO Bar #9799)
THOMAS N. SCHEFFEL & ASSOCIATES, P.C.
3801 E. Florida Ave., Suite 600
Denver, CO 80210
cking@tnslaw.com
Attorney for Defendant Doe #23