IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-CV-01394-WYD-MEH

MAILBU MEDIA, LLC,

      Plaintiff,

v.

LAURA LINN, ANDREW SCHINSKY,
MARK CRONSHAW, CHRISTOPHER
O'SHELL, WEI GOODRICH and JOHN
DOE 1

      Defendants

---

## DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

---

COME NOW Defendant, Christopher O'Shell, by and through his counsel, CHUCK KING and LENNY BEST, THOMAS N. SCHEFFEL & ASSOCIATES, P.C., Of Counsel, for their Answer to Plaintiff's Complaint, aver and allege as follows:

1. The allegations of paragraph 1 are statements or conclusions of law. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2. Defendant denies copying and distributing a website containing 16 movies. Furthermore, Defendant lacks information sufficient to form a belief as to the facts alleging federally registered copyrights by Plaintiff, and the remainder of allegations in paragraph 2 are statements or conclusions of law. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 2.

3. The allegations of paragraph 3 are statements or conclusions of law. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 3.

## ANSWER TO JURISDICTION AND VENUE

4. The allegations of paragraph 4 are statements or conclusions of law. Therefore, no response is required. To the extent a response is required,

5. Defendant denies the allegations in paragraph 5.

6. Defendant admits residing in this District and that venue is proper in this District for violations of copyright in certain cases, however, Defendant lacks information sufficient to form a belief as to whether facts or allegations of certain events or omissions occurred in this District giving rise to this civil action and whether all Defendants, or their agents, if any, may by found in this State, and on that basis Defendant denies the remaining allegations in paragraph 6.

## ANSWER TO PARTIES

7. Plaintiff's principal place of business address is contradictory to the Secretary of State for the State of California, as of October 26, 2012 and Plaintiff's initial pleading, and on that basis Defendant denies the allegations in paragraph 7.

8. No response required.

9. No response required.

10. No response required.

11. Admitted.

12. No response required.

13. Defendant lacks sufficient information to form a belief as to the facts of whether John Doe 1 is known to the Plaintiff.

14. Defendant lacks information sufficient to form a belief as to the facts of assigning IP addresses, who assigns them, or how IP addresses are assigned, both generally and in the instant case, and on that basis Defendant denies the allegations of paragraph 14.

15. Defendant admits an ISP may correlate identifying information in certain cases, however, Defendant denies his identity correlates to the allegations in this paragraph 15 and in this instant case.

## ANSWER TO JOINDER

16. Defendant argues that joinder is improper. Defendant respectfully renews Motion to Sever.

## ANSWER TO FACTUAL BACKGROUND

17. Defendant lacks information sufficient to form a belief as to the ownership of certain pornographic movies, and on that basis denies the allegations in this paragraph.

18. No response is required. To the extent a response is required, Defendant denies the factual allegations of paragraph 18.

19. Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 19, and on that basis denies them.

20. Defendant denies the allegations in paragraph 20.

21. Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 21. Paragraph 21 also contains allegations that are statements or conclusions of law. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 21.

22. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 22, and on that basis Defendant denies them.

23. Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 23, and on that basis Defendant denies them.

24. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 22, and on that basis Defendant denies them.

25. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks information sufficient to form a belief as to the allegations of what a BitTorrent "Client" or "protocol" is or does, and on that basis denies them. Defendant admits the remaining allegations regarding certain software programs.

26. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 26, and on that basis Defendant denies them.

27. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 27, and on that basis Defendant denies them.

28. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 28, and on that basis Defendant denies them.

29. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 29, and on that basis Defendant denies them.

30. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 30, and on that basis Defendant denies them.

31. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 31, and on that basis Defendant denies them.

32. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 32, and on that basis Defendant denies them.

33. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 33, and on that basis Defendant denies them.

34. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 34, and on that basis Defendant denies them.

35. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 35, and on that basis Defendant denies them.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 37, and on that basis Defendant denies them.

38. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 38, and on that basis Defendant denies them.

39. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 39, and on that basis Defendant denies them.

40. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 40, and on that basis Defendant denies them.

41. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant denies the allegations in paragraph 41.

42. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 42, and on that basis Defendant denies them.

43. Defendant denies downloading any work alleged in this paragraph. Defendant lacks sufficient information to form a belief as to the remaining facts alleged in paragraph 43, and on that basis Defendant denies them.

44. Defendant denies participating in any of the alleged violations in section E of the Plaintiff's complaint and Defendant lacks sufficient information to form a belief as to the facts of the remaining allegations in paragraph 44, and on that basis denies them.

45. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 45, and on that basis Defendant denies them.

46. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 46, and on that basis Defendant denies them.

47. Defendant denies the allegations in paragraph 47(A) and (B). Defendant lacks sufficient information to form a belief as to the remaining facts alleged in paragraph 47, and on that basis Defendant denies them.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 49, and on that basis Defendant denies them.

50. Defendant denies using BitTorrent, or any other means, to infringe Plaintiff's alleged copyright. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 50, and on that basis Defendant denies them.

51. Defendant denies the allegations in paragraph 51.

52. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 52, and on that basis Defendant denies them.

## ANSWER TO COUNT I

### Direct Infringement Against Laura Linn, Andrew Schinsky, Mark Cronshaw, Christopher O'Shell, Wei Goodrich and John Doe 1

53. Defendant incorporates by reference all above answers to Plaintiff's Complaint as if fully restated and set forth herein.

54. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 54, and on that basis Defendant denies them.

55. Defendant denies the allegations in paragraph 55.

56. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 56, and on that basis Defendant denies them.

57. Defendant denies the allegations in paragraph 57(A), (B), (C) and (D).

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

## ANSWER TO COUNT II

**Contributory Infringement Against Laura Linn, Andrew Schinsky, Mark Cronshaw, Christopher O'Shell, Wei Goodrich and John Doe 1**

60. Defendant incorporates by reference all above answers to Plaintiff's Complaint as if fully restated and set forth herein.

61. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 61, and on that basis Defendant denies them.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant lacks sufficient information to form a belief as to the facts alleged in paragraph 64, and on that basis Defendant denies them.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

Any allegation not specifically admitted in the Plaintiff's complaint is hereby denied.

WHEREFORE, Defendant denies any and all allegations contained in Plaintiff's prayer for relief and specifically denies that Plaintiff is entitled to any relief stated therein or any relief whatsoever on the claims brought herein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant hereby asserts the following Affirmative Defenses in this case:

First Affirmative Defense

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against defendant.

Second Affirmative Defense

2. The measure of statutory damages sought by Plaintiff is unconstitutionally excessive as applied.

Third Affirmative Defense

3. Plaintiff's claims are barred because Plaintiff lacks standing to bring or maintain the instant action.

Fourth Affirmative Defense

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

Fifth Affirmative Defense

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

Sixth Affirmative Defense

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

Seventh Affirmative Defense

7. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that any infringement of Plaintiff's work qualifies as an "innocent infringement."

Eighth Affirmative Defense

8. While defendant denies the allegations of fact and conclusions of law alleged in

Plaintiff's complaint, defendant asserts, in the alternative, that any sharing of Plaintiff's work was a de minimum use in that a functional copy of Plaintiff's work was not transferred.

### Ninth Affirmative Defense

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Tenth Affirmative Defense

10. Plaintiff's copyrights are invalid and/or unenforceable.

### Eleventh Affirmative Defense

11. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that Plaintiff authorized, impliedly or explicitly, the allegedly infringing sharing of its works via BitTorrent, and the claims are therefore barred by the doctrine of implied license.

### Twelfth Affirmative Defense

12. Plaintiff's claims are barred by the doctrine of misuse of copyright.

### Thirteenth Affirmative Defense

13. To the extent Plaintiff has suffered any damages, which defendant expressly denies, Plaintiff has failed to take reasonable steps to mitigate the damages sustained.

### Fourteenth Affirmative Defense

14. Plaintiff's claims are barred because the alleged infringement was not cause by a volitional act attributable to defendant.

<u>Fifteenth Affirmative Defense</u>

15. Plaintiff is barred from further recovery by the doctrines of accord and satisfaction and the single satisfaction rule.

<u>Sixteenth Affirmative Defense</u>

16. Plaintiff action is barred by the doctrine of collateral estoppel.

<u>Seventeenth Affirmative Defense</u>

17. Defendant asserts that the Plaintiff's joinder of the parties is improper and intends to renew a motion to sever for improper joinder.

**Additional Defenses**

Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based on the course of discovery and proceedings in this action.

**Defendant's Relief Requested**

WHEREFORE, Defendant prays this Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;

2. For an order that Plaintiffs shall take no relief from their complaint herein;

3. For an award of Defendant's costs and attorneys' fees herein incurred; and

4. For such other relief as this Court deems just.

Dated: November 7, 2012.

THOMAS N. SCHEFFEL AND
ASSOCIATES, P.C.

Lenny A. Best, Colorado Registration #42404
lbest@tnslaw.com

10

Attorney for Christopher O'Shell
Thomas N. Scheffel & Associates, P.C.
3801 E Florida Ave., Ste 600
Denver, Colorado 80210
Phone: (303) 759-5937

## Certificate of Service

The undersigned hereby certifies that on November 7, 2012 a true and correct copy of the foregoing document was served on counsel of record by providing a copy thereof to, and requesting that service be made by PACER to the following:

Jason Kotzker
Jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

**THOMAS N. SCHEFFEL AND
ASSOCIATES, P.C.**

Lenny A. Best, Colorado Registration #42404